favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was brought under article VII-A of the Conservation Law, being chapter 65 of the Consolidated Laws, as amended by chapter 463 of the Laws of 1920, to condemn a parcel of land owned by the defendant and located in the town of Webb, Herkimer county, alleged to be necessary for the construction and improvement of the Stillwater reservoir in said town, which it is proposed to construct and improve on Beaver river for the purpose of regulating the flow of the water of that river and of the Black river, of which it is a tributary, on the ground that the same is required for the welfare of the public and for the improvement of the hydraulic powers on the said rivers from the said reservoir to the mouth of Black river where it falls into Lake Ontario.

*Henry Purcell* and *A. H. Cowie* for appellant.

*Nathan L. Miller* and *H. Bartow Farr* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Hogan, Cardozo, McLaughlin, Crane and Andrews, JJ. Absent: Pound, J.

---

Morris May, Respondent, *v.* Hettrick Brothers Company, Appellant.

*Accounting — joint adventure — agreement by defendant to furnish merchandise to plaintiff's assignor for sale to third party — negotiations by defendant with third party resulting in sale direct to him — action to compel defendant to account for profits.*

*May* v. *Hettrick Bros. Co.,* 200 App. Div. 754, affirmed.

(Argued March 12, 1923; decided April 17, 1923.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee. The plaintiff, as assignee of the A. B. Kirschbaum Company, brought this action against the defendant Hettrick Brothers Company, tent manufacturers, alleging that in December, 1914, the Kirschbaum

Company entered into negotiations with one George Panagoulopoulos for the sale and delivery to him of 100,000 individual shelter half tents at two dollars each and that the defendant agreed to furnish the tents to the Kirschbaum Company for sale to Panagoulopoulos at one dollar and seventy-four cents each; that a *quasi* partnership or trust relation existed between the defendant and the Kirschbaum Company because the former had learned from the latter of its negotiations with Panagoulopoulos and that defendant in violation of its duty to the Kirschbaum Company as a co-adventurer opened negotiations with Panagoulopoulos which resulted in a contract between defendant and Panagoulopoulos, whereby the defendant furnished tents direct to Panagoulopoulos. The relief demanded is: That the defendant, the Hettrick Brothers Company, account to the plaintiff for all profits and advantages accrued or accruing to it over and above the sum of one dollar and seventy-four cents received or to be received by it for each individual tent sold and delivered by it to the said George Panagoulopoulos or for damages. (See 226 N. Y. 580.)

*Gilbert E. Roe* and *Alvin M. Higgins* for appellant.

*Benjamin G. Paskus, John E. Tracy* and *Sylvan Gotshal* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J.; HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: POUND, J.

---

WILLIAM J. CONNELLY, Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant, Impleaded with Another.

*Negligence — master and servant — action for injury from explosion arising through failure to drain oil tanks in ship upon which plaintiff was employed in making repairs.*

*Connelly* v. *Morse Dry Dock & Repair Co.*, 204 App. Div. 836, affirmed.

(Argued March 12, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial